## STATE v. STEWART R. PERRY.

### 130 N. W. (2d) 343.

August 28, 1964—No. 39,099.

*Stewart R. Perry*, pro se, for appellant.

*Keith Stidd*, City Attorney, and *Sherman Bergstein*, Assistant City Attorney, for respondent.

OTIS, JUSTICE.

Defendant, Stewart R. Perry, was convicted of violating a Minneapolis parking ordinance which he asserts is unconstitutional. A fine of $3 was imposed and suspended.

The facts are not in dispute. On November 28, 1962, defendant parked his automobile in front of the premises at 251 Chicago Avenue, at the intersection of Third Street, for a continuous period of 2 hours and 17 minutes. The ordinance under which defendant was prosecuted provides as follows (Minneapolis Code of Ordinances, § 411.130[c]):

"No person in charge of a vehicle shall park or permit it to stand upon any street or highway in the City for more than 2 consecutive hours, between the hours of 8:00 a. m. and 6:00 p. m. unless otherwise designated on signs erected and installed."

Defendant was found guilty in the municipal court, appealed to the district court, and was again convicted.

The thrust of defendant's appeal is directed at the validity of two sections of the ordinance, § 411.130(b and d), neither of which he is charged with violating. They read as follows:

(b) "No person shall park a vehicle or permit it to stand upon any street for a period of time longer than 60 minutes between the hours of 2:00 a. m. and 6:00 a. m. of any day except physicians on emergency calls."

(d) "No person shall park a vehicle or permit it to stand upon any street or highway in the City for more than 6 consecutive hours between the hours of 6:00 p. m. and 2:00 a. m., except in an emergency or unless otherwise designated on signs erected and installed."

In adjudging defendant guilty, the trial court observed from the bench that the ordinance was impractical, inconvenient, and in some

cases impossible of compliance by a resident in the outlying residential districts, the court having taken judicial notice of the inadequacy of off-street parking facilities.

Defendant attacks the ordinance on the ground that no purpose for its adoption has been shown. It is fundamental that the ordinance is presumed to be valid, and defendant has the burden of proving that it is arbitrary and unreasonable.[1] Courts have been taking judicial notice of the parking problem for over 150 years. In Rex v. Cross (1812) 3 Campbell's Reports 224, the proprietor of a stage line in London was found guilty of creating a public nuisance in parking coaches for periods of about three-quarters of an hour adjacent to the curb in front of business establishments while discharging and taking on passengers. The opinion notes that "[p]rivate carriages can very rarely draw up to the opposite houses, and considerable difficulty is experienced in passing along that side of the street." Lord Ellenborough held (3 Campbell's Reports 227):

"A stage-coach may set down or take up passengers in the street, this being necessary for public convenience; but it must be done in a reasonable time; and private premises must be procured for the coach to stop in during the interval between the end of one journey and the commencement of another. No one can make a stableyard of the king's highway."

Our court has stressed the basic right of the transient public and abutting property owners to the free passage of vehicles on public highways and the paramount function of travel as overriding all other subordinate uses of our streets.[2] Ordinances prohibiting all-night parking have been sustained as a proper exercise of municipal police power.[3]

---

[1]Evison v. Chicago, St. P. M. & O. Ry. Co. 45 Minn. 370, 373, 48 N. W. 6, 7; Fairmont Foods Co. v. City of Duluth, 260 Minn. 323, 325, 110 N. W. (2d) 155, 157; People v. Lang, 106 N. Y. S. (2d) 829; Commonwealth v. Dobbins, 344 Mass. 272, 275, 182 N. E. (2d) 123, 125.

[2]State v. Sugarman, 126 Minn. 477, 479, 148 N. W. 466; Hanson v. Hall, 202 Minn. 381, 384, 279 N. W. 227, 229.

[3]De Pace v. Mayor and Council of Wilmington, 45 Del. 300, 72 A. (2d) 439; Commonwealth v. Dobbins, 344 Mass. 272, 182 N. E. (2d) 123.

Equally. important are regulations permitting parking for only a limited time. Their purpose is to keep parking space fluid and to guarantee householders, merchants, and their invitees reasonable access for transacting business.[4] We therefore have no difficulty in holding that the ordinance is for a valid public purpose.

Two assignments of error may be disposed of by the application of a single principle of law. It is defendant's earnest contention that the ordinance is invalid because it is impossible for those living in a residential district to comply with § 411.130(b), governing parking from 2. a. m. to 6 a. m.; and because prosecutions under section (b) are infrequently instituted, and usually only upon the specific complaint of an affected resident.

We hold that it is not necessary to consider the constitutionality of either paragraph (b) or (d) of § 411.130 since defendant is not prosecuted under either of them.[5]

"A party attacking the constitutionality of a statute must show that it affects his rights in an unconstitutional manner. That it so affects the rights of others is no concern of his. He may champion his own, but not the rights of others." Mesaba Loan Co. v. Sher, 203 Minn. 589, 595, 282 N. W. 823, 827.

We have held in a number of cases that an ordinance may be reasonable and proper as applied to one set of facts and arbitrary and invalid when enforced under other circumstances.[6] At the time of his offense defendant was not parked in a residential area. His car was located on the periphery of a commercial district. There was no showing that the ordinance under which he was prosecuted was impossible to enforce

---

[4]Kimmel v. City of Spokane, 7 Wash. (2d) 372, 109 P. (2d) 1069; People v. Lang, 106 N. Y. S. (2d) 829, 835.

[5]State ex rel. Clinton Falls Nursery Co. v. County of Steele, 181 Minn. 427, 432, 232 N. W. 737, 739, 71 A. L. R. 1190.

[6]Evison v. Chicago, St. P. M. & O. Ry. Co. 45 Minn. 370, 48 N. W. 6; State v. Sheppard, 64 Minn. 287, 67 N. W. 62; State v. Sugarman, 126 Minn. 477, 484, 148 N. W. 466, 468; State v. Industrial Tool & Die Works, Inc. 220 Minn. 591, 606, 21 N. W. (2d) 31, 39; Grobe v. Oak Center Creamery Co. 262 Minn. 60, 62, 113 N. W. (2d) 458, 460.

or that there was any discriminatory enforcement which denied him the equal protection of the laws under the Fourteenth Amendment. He may not enhance his own standing by espousing the cause of other violators who may or may not be prosecuted under different sections of the ordinance. We decline to render an advisory opinion concerning the validity of sections under which defendant has suffered no detriment.

■ Finally, it is defendant's position that the enforcement of the ordinance is unconstitutional because of the failure to post signs which indicate the time limitations in particular zones, more especially the restrictions governing the area in which he was parked. It appears that in some parts of the city the 2-hour limitation is posted and in others it is not, a situation which, defendant asserts, unconstitutionally misleads the public. In the absence of an express provision in a statute or ordinance requiring posting, we are of the opinion that the necessity for such notice is a matter of administrative or legislative judgment with which the courts will not concern themselves, notwithstanding the public's acknowledged habit of relying on signs of this character in actual practice. The public is presumed to know the traffic laws along with all the other laws.[7] In a city the size of Minneapolis, where parking for more than 2 hours from 8 a. m. to 6 p. m. is prohibited everywhere, there are practical problems which justify a failure to post throughout the length and breadth of the municipality adequate notice of the ordinance. We therefore conclude that the absence of appropriate signs is not an impediment to the valid enforcement of the parking ordinance here in question.

Affirmed.

---

[7]People v. Kassover, 24 Misc. (2d) 1080, 1082, 205 N. Y. S. (2d) 428, 431.