STATE v. NORMAN CHARLES HANSEN.

188 N. W. (2d) 881.

July 2, 1971—No. 41693.

C. Paul Jones, State Public Defender, and Rosalie E. Wahl, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, James M. Kelley, Assistant Attorney General, and Paul J. Tschida, Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

PER CURIAM.

Defendant appeals from a conviction for attempted burglary. The issues raised are whether the evidence supports a finding of intent; whether the record compels a determination that defendant withdrew from the burglary; and whether evidence was obtained incident to an arrest which was based on probable cause.

In the early hours of December 7, 1967, a resident of Dennison, Minnesota, was awakened by the sound of breaking glass. She looked out her window and, seeing a stranger emerge from an unfamiliar car parked in front of a food store, called the constable. The car and its passengers left. It soon returned and the caller again notified the constable. Just as he appeared in his automobile, the strange car drove off. After a brief pursuit it was curbed. In examining the car, the constable discovered on the front seat two pry bars and a screwdriver which were subsequently introduced into evidence.

It was discovered that the glass door in the food store had been broken and contained pry marks. Defendant admitted jimmying the door but asserts that before his imminent apprehension became apparent to him, he "desisted voluntarily and in good faith and abandoned his intention to commit the crime" within the meaning of Minn. St. 609.17, subd. 3. State v. Currie, 267 Minn. 294, 306, 126 N. W. (2d) 389, 398.

The evidence supports a finding that one of the two men ran to the car and drove off with the car door open at a time when the jury could infer the burglars had been frightened by the sound of the constable's approaching automobile. In a statement made after his arrest, defendant did not mention that he attempted to withdraw from the crime. Under the circumstances described, we hold that the evidence supports a finding defendant intended to commit the burglary; that he did not attempt to withdraw before discovering his apprehension was imminent; and that his arrest was based on probable cause which justified the search and seizure of the tools which were received in evidence.

Affirmed.