**STATE of Minnesota, Appellant,**

v.

**Deborah Kaye ANDOW, Respondent.**

**No. C1-85-219.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

Review Denied Oct. 11, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Raymond F. Schmitz, Olmsted Co. Atty., Michael S. Husby, Asst. Co. Atty., Rochester, for appellant.

George R. Kerr, Jeff David Bagniefski, Schacht & Kerr, Rochester, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal by the State pursuant to Minn.R.Crim.P. 28.04 of an order dismissing felony deprivation of custodial or parental rights charges against respondent Deborah Kaye Andow. On appeal, the State's primary argument is that Andow did not voluntarily return a child she had abducted where she was apprehended by law enforcement officials. We affirm.

## FACTS

On July 25, 1984, custody of 22-month-old Jessica Christa Crumbley was temporarily transferred from her mother, Deborah Andow, to her father, Joseph Crumbley. Andow was allowed visitation weekdays from 6:00 p.m. to 8:00 p.m. She had notice of this order.

On August 3, 1984, Andow took Jessica at 6:00 p.m. but did not return her at 8:00. Crumbley went to Andow's residence and found no one there. He found a letter attached to the mailbox addressed to Andow's sister. Crumbley opened the letter. The letter said Andow was "taking off with Jess," that Andow's sister was to get Andow's stuff out of the apartment, and that Andow would try to stay in contact using the name Ms. J. Edwards. Crumbley contacted the police.

On August 15, 1984, Andow was arrested at an apartment in Grand Forks, North Dakota. Jessica was taken into protective custody.

Andow was charged with abducting Jessica, a felony under Minn.Stat. § 609.26, subd. 1(3) (1984). The trial court dismissed charges against Andow, and the State appealed.

## ISSUES

1. Must a felony charge under Minn. Stat. § 609.26 be dismissed because the child custody order issued before August 1, 1984 did not restate the provisions of Minn. Stat. § 609.26?

2. Must felony charges be dismissed under Minn.Stat. § 609.26, subd. 5(a) when the abducting parent is apprehended and the child is returned within 14 days?

## ANALYSIS

### I.

Effective August 1, 1984, the Minnesota Legislature revamped the laws prohibiting persons from depriving another of parental, custodial, or visitation rights. *See* 1984 Minn.Laws ch. 484. Along with these

changes, the legislature enacted Minn.Stat. § 518.177 (1984), which provides:

> Every court order and judgment and decree concerning custody of or visitation with a minor child shall restate the provisions of section 609.26.

*Id.*

■ Here, the July 25, 1984 custody order did not restate the provisions of section 609.26. This is not a procedural defect mandating dismissal of the criminal charges because (1) the notification provision in section 518.177 was not effective until August 1, 1984, (2) the legislature did not specify "lack of notice" as a defense under section 609.26, subd. 2, and (3) the notification provision of section 518.177 was not intended to shield persons from prosecution but to deter persons from violating the provisions of section 609.26.

■ The notice requirement of section 518.177 is essentially directory and not mandatory because it provides no consequences for a court's failure to restate the provisions of section 609.26. *See Heller v. Wolner*, 269 N.W.2d 31, 33 (Minn.1978); *Wenger v. Wenger*, 200 Minn. 436, 437–38, 274 N.W. 517, 518 (1937); *Szczech v. Commissioner of Public Safety*, 343 N.W.2d 305, 307 (Minn.Ct.App.1984).

■ Unawareness that conduct is proscribed by criminal law is not generally a valid defense. *See State v. Perry*, 269 Minn. 204, 208, 130 N.W.2d 343, 346 (Minn. 1964); Minn.Stat. § 609.02, subd. 9(5) (1984).

Andow's alleged actions constituted a criminal offense under section 609.26 even before the August 1, 1984 changes. *See* Minn.Stat. § 609.26 (1982).

## II.

Minn.Stat. § 609.26, subd. 5 (1984) provides:

> Subd. 5. Dismissal of charge. A felony charge brought under this section shall be dismissed if:
>
> (a) the person voluntarily returns the child within 14 days after he takes, detains, or fails to return the child in violation of this section * * *.

*Id.* The trial court interpreted subdivision 5(a) as a "functional 14-day grace period" before a felony charge could attach. The court said the statute:

> clearly contemplates an ability on a defendant's part to voluntarily act up to 14 days after the original violation to cause the charge to be dismissed. Here, however, defendant was deprived of that opportunity * * * it is not impossible that, had she not been arrested, she still may have returned the child to him of her own volition.

Minn.Stat. § 609.26, subd. 6 (1984) changes the penalty for depriving another of custodial or parental rights to a felony, chargeable immediately under Minn.Stat. § 609.26, subd. 1. Under prior law, the crime was also a felony but only after 14 days. It was a misdemeanor if the child was voluntarily returned within that time. *See* Minn.Stat. § 609.26, subd. 5 (1982). The 1984 change was an attempt to eliminate this 14-day "grace period."

■ The 1984 legislative history indicates the intent was "not to put parents in prison but to give police and sheriffs the authority to act expeditiously and immediately on behalf of the real victim, the child." *Abduction, Retaining or concealing of children by a parent from the other parent,* Hearings on H.F. 1347 Before the House Committee on the Judiciary, 73rd Session (Feb. 20, 1984) (statement of Gloria Segal, House Representative). She also said under then current law, police do not get involved during the first 14 days after a child has been abducted because the crime is only a misdemeanor; rather, the police wait until 14 days have expired and the offense has become a felony. The felony charge facilitates FBI assistance and use of information available through the National Information Center computer services. *Id.; see Child Abduction,* Hearings on S. 1318 Before the Senate Subcommittee on Criminal Law, 73rd Session (Mar. 16, 1984) (statements by Gloria Segal, House Representative).

Subdivision 5(a), however, was added in conference committee and mandates *dismissal* of the felony charge for a voluntary return of the child within 14 days. To afford all persons the opportunity to have the charges dismissed, each person must be allowed the benefit of the full 14-day period to voluntarily return the child. Those apprehended prior to the expiration of the 14-day period should not be denied the benefit of subdivision 5(a). We agree with the trial court that subdivision 5(a) creates a functional 14-day grace period and Andow is entitled to dismissal of the felony charges.

Penal statutes, particularly felony statutes, "must be construed strictly; any reasonable doubt must be interpreted in favor of the defendant." *State v. Corbin,* 343 N.W.2d 874, 876 (Minn.Ct.App.1984); *see State v. Haas,* 280 Minn. 197, 159 N.W.2d 118 (1968).

### DECISION
The order of the trial court dismissing felony charges against Andow is affirmed because Minn.Stat. § 609.26, subd. 5(a) requires dismissal of a felony charge if the child is voluntarily returned within 14 days. The other issues raised are moot.

Affirmed.