**STATE of Minnesota, Petitioner, Appellant,**

v.

**Deborah Kaye ANDOW, Respondent.**

**No. C1–85–219.**

Supreme Court of Minnesota.

May 2, 1986.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Raymond F. Schmitz, Olmsted Co. Atty., Michael S. Husby, Asst. Co. Atty., Rochester, for appellant.

Jeff D. Bagniefski, Rochester, for respondent.

SIMONETT, Justice.

Defendant was charged with depriving another of custodial or parental rights to a child in violation of Minn.Stat. § 609.26 (1984). The court of appeals affirmed the trial court's dismissal of the charge. We reverse.

By an order dated July 25, 1984, the Olmsted County District Court transferred custody of 15-month-old Jessica Crumbley from her mother, defendant Deborah Kaye Andow, to the child's father, with Deborah to have visiting rights for 2 hours on weekday evenings. On August 3, 1984, Deborah picked up her daughter for a 2-hour visit and never returned with the child. In searching Deborah's apartment, the child's father discovered a letter from Deborah to her sister stating she was "taking off with Jess" and asking the sister to remove what possessions remained in the apartment and to collect the security deposit.

A felony warrant was issued, and 12 days later, on August 15, Deborah was arrested in Grand Forks, North Dakota. Jessica was with her mother at the time of the arrest, and Deborah did not, at that time, try to prevent the police from taking the child into custody. Deborah waived extradition and returned to Olmsted County to face felony charges under section 609.26.

Under section 609.26, anyone who takes a child from the person having custody under a court order with intent substantially to deprive that person of custody may be charged with a felony.[1] Subdivision 5 of the statute further provides:

---

1. Minn.Stat. § 609.26 (1984) provides, in part:

Subdivision 1. Whoever intentionally does any of the following acts *may be charged with*

Subd. 5. A felony charge brought under this section shall be dismissed if:

(a) the person voluntarily returns the child within 14 days after he takes, detains, or fails to return the child in violation of this section; * * *

The trial court dismissed the charge against defendant on the ground that subdivision 5(a) creates a "grace period" during which a felony charge cannot attach.[2] Deborah does not seriously contend that Jessica was returned voluntarily as required by subdivision 5(a). *Cf. State v. Cox*, 278 N.W.2d 62 (Minn.1979) (an attempted crime is not voluntarily abandoned when abandonment is prompted by fear of being caught). *See also State v. Hansen*, 290 Minn. 552, 188 N.W.2d 881 (1971). Rather, Deborah contends, and the court of appeals agreed, that her arrest within 14 days denied her "the benefit of the full 14 day period to voluntarily return the child." *State v. Andow*, 372 N.W.2d 747, 750 (Minn.Ct.App.1985). We granted the state's petition for further review.

The issue, then, is the interpretation of subdivision 5(a) and the legal significance of the 14-day "grace period."

▆▆▆▆ Violation of section 609.26 is a felony unless the charge is dismissed.[3] Prior to the 1984 amendment, a violation of the statute was also a felony; but if the child was voluntarily returned within 14 days, the offense was only a misdemeanor. *See* Minn.Stat. § 609.26, subd. 5 (1982).

Because the FBI and law enforcement officials of other states do not make an effort to apprehend persons charged with misdemeanors—they apparently limit their efforts to apprehending felons—the help of these authorities and the use of the nationwide computer network were not available to catch offenders until 14 days had elapsed. In effect, under the former law, child snatchers were given a 14-day headstart. Both parties here agree the legislative history of the 1984 amendments reflects a legislative intent to make a statutory violation an immediate felony in order to enlist immediate law enforcement assistance and expedite recovery of a child. If that is the purpose of the 1984 law, and we agree that it is, we do not think the court of appeals' interpretation of the "grace period" furthers that purpose.

If a person is entitled to a full 14 days, without any risk, in which to return a child voluntarily, there is no incentive to avoid a felony charge by returning the child before the fourteenth day. Allowing a 14-day grace period weakens the incentive for a child's quick return.

More importantly, allowance of a 14-day grace period would frustrate the very purpose the 1984 amendment seeks to achieve. If the felony charge must be dismissed because 14 days have not elapsed, then failure to return the child within 14 days becomes an element of the crime. A felony

*a felony* and, upon conviction, may be sentenced as provided in subdivision 6:

\* \* \* \* \* \*

(3) takes, obtains, retains, or fails to return a minor child from or to the parent or other person having the right to visitation or custody under a court order, where the action manifests an intent substantially to deprive that parent or other person having the right to visitation or custody of his rights to visitation or custody * * *.

Act of April 25, 1984, ch. 484, § 2, 1984 Minn. Laws 461, 462, applicable to crimes committed on or after August 1, 1984 (emphasis added).

2. As an alternative ground for dismissal, the trial court noted the custody order of July 25 did not "restate the provisions of 609.26" as required by Minn.Stat. § 518.177, effective August 1, 1984. Act of April 25, 1984, ch. 484, § 4,

1984 Minn.Laws 461, 463. The court of appeals disagreed, emphasizing that section 518.177 was not yet in effect at the time of the July 25 order and holding that, in any event, lack of notice is not a defense to a charge under Minn.Stat. § 609.26. This ruling has not been appealed and is not before us.

3. Subdivision 5, as amended by Act of April 25, 1984, ch. 484, § 2, 1984 Minn.Laws 461, 462, provides two grounds for dismissal of the felony charges. First, the defendant voluntarily returns the child within 14 days; or second, the defendant does not take the child out of the state and, within 14 days, either brings certain motions in court or has appointed an attorney to accept service of any motions that might be brought by the person whose rights have been deprived.

warrant can issue only on probable cause that all elements of the crime have been committed. But, if the defendant must be given 14 days to decide whether or not to return the child voluntarily, an arrest warrant could not, consistent with due process, be issued until 14 days had elapsed. Federal Bureau of Investigation and other law enforcement assistance would then be unavailable for the first 14 days, and the 1984 amendment of section 609.26 would be an exercise in futility. Based on the plain meaning of the statutory language and its legislative history, we hold that expiration of the 14-day grace period is not an element of the felony offense of "child snatching" under section 609.26; the offense is a felony from day one, with the charge to be dismissed if the child is *voluntarily* returned within 14 days.

Reversed.