**STATE of Minnesota, CITY OF MINNEAPOLIS, Respondent,**

v.

**Andrew ELLIS, Appellant.**

**No. C4–88–2416.**

Court of Appeals of Minnesota.

May 30, 1989.

Review Denied July 12, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Steven M. Tallen, Minneapolis, for respondent.

Robert J. Zohlmann, Minneapolis, for appellant.

Heard, considered and decided by NORTON, P.J., and FORSBERG and MULALLY *, JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Andrew Ellis appeals from a petty misdemeanor conviction for failure to comply with a rental property repair order in violation of the Minneapolis Code of Ordinances 87.90(f). The repair order directed Ellis, as the property owner, to repair or replace broken or missing window glass and screens on his rental property located in South Minneapolis. Ellis did not comply, but instead informed the Minneapolis building inspector that the tenant had contracted to perform these repairs. The trial court found Ellis guilty of failing to comply with the written repair order and fined him $85. We affirm.

## FACTS

Appellant owns a duplex in South Minneapolis registered as rental property.[1] On June 1, 1985, appellant leased the property to tenants who signed a rental agreement and acknowledgment that "[t]here were no broken windows-torn screens or damaged doors on possession date, which is 6–1–85."

On April 1, 1987, appellant's rental property was inspected by the City of Minneapolis. The inspector issued a repair order stating:

Repair or replace all broken and missing glass in storm windows and primary windows. Minneapolis Housing Code 244.-530 Due by: 05/02/87

Repair or replace all torn, split or missing screening at this building. Minneapolis Housing Maintenance Code 244.-450 Due by: 07/01/87

Appellant did not make the repairs but verbally advised the Department of Inspections that repairing and replacing damaged

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. The parties have stipulated to the facts.

and missing screens and windows at the rental property was the responsibility of the tenants. On May 6 the Department of Inspections issued appellant a "red warning tag."

On September 23, appellant hand delivered a letter to the Department of Inspections reiterating his position. That same day the department issued a citation to appellant charging him with failure to comply in violation of Minneapolis, Mn., Building Code § 87.90(f) (1987).

On October 22 appellant requested issuance of a formal complaint. At no time was a notice of violation, an order to correct violations or other notice sent to the tenants. The damage to the screens and one window are of unknown origin. Two broken windows were damaged by the tenants.

## ISSUES

1. Is the evidence sufficient to support the trial court's conviction?

2. Is Minneapolis, Mn., Building Code § 87.90(f) (Supp.1978) vague, overbroad and an unconstitutional delegation of legislative authority?

3. Does Minn.Stat. § 504.18, subd. 2 (1988) permit a lessor to transfer responsibility to the lessee for complying with the city health and safety laws?

## ANALYSIS

■ 1. *Sufficiency of evidence.* Appellant contends the evidence does not support the trial court's finding that he "allowed" persons to occupy a dwelling that had building code violations. Appellant maintains that absent this finding, representing a material element of the case against him, his conviction must be reversed.

Minneapolis, Mn., Housing Code § 244.400 (Supp.1982) provides:

No person shall occupy as owner-occupant or let or allow another to occupy any building or structure for the purpose of living therein, which does not comply with the requirements set forth in this article.

The stipulated facts indicate that appellant did not "occupy" the building and that there were no broken windows or torn screens when the premises was "let." Appellant argues that he could not "allow" another to occupy because the lease gave the tenant exclusive right of occupancy. Appellant argues that because of the lease he is no longer in control of the property and thus cannot be held responsible for violations of the housing code which occur on the premises during the lease term.

The trial court concluded appellant did allow another to occupy a building which did not comply with the building code, basing its conclusion on the following factual findings: (1) appellant is the owner of the building; (2) the tenants were living in the building when the order was issued; and (3) certain screens and windows were not in compliance with the code when the order was issued. The trial court's findings are supported by the stipulated facts.

Appellant attempts to turn his argument into a trespass issue. He argues a tenant's superior right to possession under a lease prevents a landlord from entering upon leased premises for purposes of making necessary repairs required by public officials. Appellant maintains any unauthorized entry by the landlord would be a breach of covenant and would constitute a trespass. Appellant's argument is not, however, applicable to the facts of this case where there is no evidence of trespass.

In a prosecution for the violation of a municipal ordinance, each of the essential elements of the offense must be proved by the degree of proof required. *State v. Miller*, 253 Minn. 112, 116, 91 N.W.2d 138, 141 (1958). Here, the trial court found: (1) a violation occurred; (2) appellant was the responsible party; (3) appellant was given notice of the violation; and (4) appellant failed to correct the violation within the time period. The evidence is sufficient to support the trial court's conviction.

■ 2. *Ordinance.* Appellant contends the Minneapolis, Mn., Building Code § 87.90(f) is vague, overbroad and an unconstitutional delegation of legislative power. Ordinances, as well as statutes, are

presumed to be valid and are not to be found unconstitutional unless their invalidity is clear or they are shown beyond a reasonable doubt to violate the constitution. *City of Richfield v. Local No. 1215*, 276 N.W.2d 42, 45 (Minn.1979). The person attacking the validity of the ordinance has the burden of proof. *State v. Perry*, 269 Minn. 204, 206, 130 N.W.2d 343, 345 (1964).

Minneapolis, Mn., Building Code § 87.90(f) provides:

> The director of inspections and his regularly authorized assistants are hereby given authority to order and compel compliance with the regulations and provisions of the building code, or any other law or ordinance the enforcement of which comes within the authority of the director of inspections and to order any condition remedied in such manner as to secure compliance. The foregoing authority shall be in addition to any other provisions of this Code of Ordinances. The owner, agent, occupant or person in charge or control of the building involved, or the contractor constructing or altering the building involved, or installing any material, device or equipment therein or thereon shall, when so ordered by the director of inspections or his regularly authorized assistants, as above provided, comply with such written order or orders within the time and in the manner directed. Failure to comply with such written order of the director of inspections or his authorized inspectors or assistants shall constitute a violation of this title.

■ Here, appellant contends the ordinance is vague and overbroad because criminal liability is imposed on those who fail to comply with any order: an unlawful order, a vague order, an order that doesn't comply with the building code, or an order served upon the wrong party. A law is not unconstitutionally vague or overbroad if it is drafted in such a manner that persons of common intelligence can understand what is forbidden. *State v. Lanesboro Produce & Hatchery Co.*, 221 Minn. 246, 253, 21 N.W.2d 792, 795 (1946). The ordinance clearly states that failure to comply with the director of inspection's written order constitutes a violation. The trial court correctly stated that if the order is unlawful, vague, doesn't comply with the building code, or is served upon the wrong party, that party would have a defense to enforcement.

Appellant contends the repair order should have been served on the tenant. Respondents argue, however, that for policy reasons, the City of Minneapolis has decided to hold landlords responsible for providing rental housing in the city that meets minimal maintenance standards. Respondents argue the city has a rational basis for doing so, i.e., landlords have the necessary financial ability and the long-term interest to keep the city's rental units properly maintained. A city council has broad discretion in legislative matters, and even if the city council's decision is debatable, so long as there is a rational basis for what it does, the courts do not interfere. *Honn v. The City of Coon Rapids*, 313 N.W.2d 409, 415 (Minn.1981).

■ Appellant also contends the ordinance creates an unlawful delegation of the legislature's power to define a criminal act to the administrative branch (the housing authority), who by issuing an order can create an obligation subject to criminal sanctions without any legislative action. To the contrary, the ordinance is simply an enforcement vehicle for the legislatively enacted building code. The ordinance gives the director of inspections the authority to order and compel compliance with the building code. The director has no authority to define a crime but only to enforce the building code enacted by the city council.

Appellant has not met his burden of proof in attacking the validity of the ordinance and overcoming the presumption of validity.

■ 3. *Statute.* Appellant argues that Minn.Stat. § 504.18, subds. 1, 2 (1988), authorizes a landlord to contract with a tenant for the tenant to maintain the premises in compliance with applicable health and safety laws of the state and local governments during the term of the lease. Here, the stipulated facts show that appellant

and the tenants did agree in writing that the tenants would replace broken glass and torn screens during the term of the lease. Thus, appellant argues he is not responsible for, nor should he be held accountable for, the challenged code violations. Appellant argues the repair orders should have been served on his tenants.

Minn.Stat. § 504.18, subds. 1, 2 (1988) provides:

Subdivision 1. In every lease or license of residential premises, whether in writing or parol, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, except when the disrepair has been caused by the willful, malicious, or irresponsible conduct of the lessee or licensee or a person under the direction or control of the lessee or licensee.

(c) To maintain the premises in compliance with the applicable health and safety laws of the state and of the local units of government where the premises are located during the term of the lease or license, except when violation of the health and safety laws has been caused by the willful, malicious, or irresponsible conduct of the lessee or licensee or a person under the direction or control of the lessee or licensee.

The parties to a lease or license of residential premises may not waive or modify the covenants imposed by this section.

Subd. 2. The lessor or licensor may agree with the lessee or licensee that the lessee or licensee is to perform specified repairs or maintenance, but only if the agreement is supported by adequate consideration and set forth in a conspicuous writing. No such agreement, however, may waive the provisions of subdivision 1 or relieve the lessor or licensor of the duty to maintain common areas of the premises.

Minn.Stat. § 504.18, subd. 1, imposes upon the lessor/licensor of residential property the duty (a) to keep the premises fit for their intended use, (b) to keep the premises in reasonable repair, and (c) to maintain the premises in compliance with the applicable health and safety laws. Subdivision 1 prohibits the parties from waiving or modifying these covenants. Such prohibition is similar to the rule in criminal law that criminal liability may not be transferred to another person. *See State v. McBride*, 215 Minn. 123, 131, 9 N.W.2d 416, 420 (1943) (individual cannot absolve himself of criminal liability and foist it solely upon corporation by claiming he acted in corporate capacity while committing the crime).

Minn.Stat. § 504.18, subd. 2, allows the lessor/licensor and lessee/licensee to enter into a contract to transfer the physical and financial responsibility for the repairs or maintenance to the lessee/licensee if that contract is supported by adequate consideration; however, subdivision 2 specifically prohibits any contract that waives the lessor/licensor's duties under subdivision 1. Thus, the ultimate responsibility for compliance with subdivision 1 remains with the lessor/licensor. Appellant's attempt to transfer this ultimate responsibility must fail under the statutory prohibition.

## DECISION

The evidence is sufficient to support appellant's conviction, appellant did not meet his burden of proof in attacking the validity of the ordinance, and Minn.Stat. § 504.18 does not permit a lessor to transfer to the lessee ultimate responsibility for complying with city health and safety laws.

Affirmed.