**STATE of Minnesota, Respondent,**

v.

**Andrew ELLIS, Appellant.**

**No. C0–90–2512.**

Court of Appeals of Minnesota.

Oct. 22, 1991.

Review Denied Dec. 13, 1991.

See also 441 N.W.2d 134.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert Alfton, City Atty., and Steven M. Tallen, Holmes & Graven, Sp. Asst. City Atty., Minneapolis, for respondent.

Robert J. Zohlmann, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and PETERSON, and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Appellant claims Minneapolis, Minn., Code of Ordinances § 244.500 (1982) and § 244.530 (1985), are unconstitutionally vague on their face and as applied. He also contends Minneapolis, Minn.Code of Ordinances § 87.90(f) (1978) does not make it a crime to fail to comply with a written order under the Minneapolis Housing Maintenance Code. Further, he argues he was denied a fair trial and the evidence was insufficient to support his conviction. We affirm.

## FACTS

Appellant Andrew Ellis was employed by the City of Minneapolis Inspections Department as an inspector from 1969 until 1990. During that time he owned investment rental properties located in Minneapolis. In 1976 the Department of Inspections started annual inspections of rental properties owned by department employees. In May 1989 Ellis' properties were inspected by Woody Dixon and Michael Osmonson. After the inspection, the Department issued Ellis 97 written orders to repair or properly maintain his properties. Many of the problems were repaired or the warnings were abated by department policy. In September 1989 the properties were reinspected and Ellis was warned to make remaining repairs.

A reinspection in October 1989, however, revealed several unrepaired items. Consequently, the Department issued misdemeanor citations on each of Ellis' seven properties, charging him with failing to comply with written repair orders. Minneapolis, Minn., Code of Ordinances § 87.-90(f). These properties were labeled A–G at the trial. The state's complaint included several housing code violations for each of the properties.

Following a trial, the jury returned guilty verdicts on two complaints, one relating to violations on property A and one relating to violations on property B. Ellis moved for judgment of acquittal on both properties, which the trial court denied. After evaluating each inspection violation, however, the trial court granted Ellis' motion for a new trial on property B. It found the evidence sufficient to support conviction for each violation of property A. Ellis appeals his conviction.

## ISSUES

1. Are Minneapolis, Minn., Code of Ordinances §§ 244.500 and 244.530 unconstitutionally vague either facially or as applied to appellant's conduct?

2. Does Minneapolis, Minn., Code of Ordinances § 87.90(f) make it a crime to fail to comply with a written order from the Director of Inspections under the Minneapolis Housing Maintenance Code?

3. Did appellant receive a fair trial when the state combined several order violations into a single misdemeanor charge?

4. Was the evidence sufficient to support appellant's conviction on property A?

## ANALYSIS

### I.

Ellis argues two provisions of the Minneapolis Code are unconstitutionally vague. The Code provides:

All exterior surfaces shall be of a material manufactured or processed specifically for use in such a weather-exposed location, including redwood and other naturally suitable materials, and every exterior wall, chimney, foundation and roof shall be reasonably weathertight, watertight and rodentproof; and shall be kept in a *professional state of maintenance and repair*. Exterior walls shall be maintained and kept free from dilapidation by cracks, tears or breaks or from deteriorated plaster, stucco, brick, wood or other material that is *extensive and gives evidence of long neglect*.

Minneapolis, Minn., Code of Ordinances § 244.500 (emphasis added). The Code also provides:

Every window, exterior door and basement hatchway shall be reasonably weathertight, watertight and rodentproof; and shall be kept in a *professional state of maintenance and repair*.

Minneapolis, Minn., Code of Ordinances § 244.530 (emphasis added).

Ellis contends the phrases "professional state of maintenance and repair" and "extensive and gives evidence of long neglect" are unconstitutionally vague on their face and as applied to him. We disagree.

Ordinances are presumed valid and are not to be found unconstitutional unless they are shown to violate the constitution beyond a reasonable doubt. *City of Richfield v. Local No. 1215, Int'l Ass'n of Fire Fighters*, 276 N.W.2d 42, 45 (Minn. 1979). The burden of proof is on the person attacking the validity of the ordinance. *State v. Perry*, 269 Minn. 204, 206, 130 N.W.2d 343, 345 (1964). Vagueness challenges to ordinances that do not involve the first amendment, must be examined in light of the facts in the case at hand. *State v. Becker*, 351 N.W.2d 923, 925 (Minn.1984). The ordinances are unconstitutionally vague as applied to Ellis' conduct if they fail to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discretionary enforcement." *State v. Newstrom*, 371 N.W.2d 525, 528 (Minn.1985) (quoting *Kolender v. Lawson*, 461 U.S. 352, 353, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). Because the ordinances in question do not reach constitutionally protected conduct, unless the ordinance is vague as applied to Ellis' actual conduct, the vagueness challenge fails. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982)

We hold the phrases "professional state of maintenance and repair" and "extensive and gives evidence of long neglect" are not unconstitutionally vague as applied

to Ellis' conduct. Ellis claims that because these phrases are subject to interpretation by housing authority employees, they are overly vague. All language is subject to interpretation. Municipalities cannot be required to legislate so precisely that there is never any disagreement over the meaning of terms. Such a requirement would provide an excuse for citizens who do not wish to obey the law.

Equally important, the 1989 written repair orders Ellis received described what conditions of his rental properties violated the ordinances. Thus he could reasonably determine what conduct was prohibited and what the city's ordinances required him to do. Moreover, the term "professional state of maintenance and repair" is defined in the Minneapolis Code. Minneapolis, Minn., Code of Ordinances § 244.40 (1983) (maintenance and repair shall be done in a "reasonably skilled manner".) Accordingly, the two ordinances meet the standard required by due process.

This case is distinguishable from *State v. Reha,* 474 N.W.2d 360 (Minn.App.1991), *pet. for rev. granted* (Minn. Oct. 7, 1991). In *Reha* the term "clean and sanitary condition," as found in Minneapolis, Minn., Code of Ordinances § 244.690 (1985), was determined to be unconstitutionally vague. *Id.* at 363. This case, however, does not involve residential housekeeping, which this court noted in *Reha,* requires more precision to regulate than commercial or retail maintenance. *Id.* at 364 (citing *Aloha, Inc. v. Liquor Control Com'n.* 191 Ill.App.3d 523, 526–27, 138 Ill.Dec. 886, 889, 548 N.E.2d 116, 119 (1989) (use of "clean and sanitary" in regulating liquor establishments was not unduly vague). Further, unlike the ordinance in *Reha,* section 244.40 defines the phrase in question, which we believe prevents its arbitrary and discriminatory enforcement.

**II.**

Ellis also contends that there was no authority to charge him with a crime under section 87.90(f) of the Building Code for violations of the Housing Maintenance Code. We disagree. Minneapolis, Minn. Code of Ordinances § 87.90(f) provides:

> The director of inspections and his regularly authorized assistants are hereby given authority to order and compel compliance with the regulations and provisions of the building code, *or any other law or ordinance the enforcement of which comes within the authority of the director of inspections* and to order any condition remedied in such manner as to secure compliance. The foregoing authority shall be in addition to any other provisions of this Code of Ordinances. * * * Failure to comply with such written order of the director of inspections or his authorized inspectors or assistants shall constitute a violation of this title.

(Emphasis added.)

■ Section 87.90(f) grants the Director of Inspections broad authority to enforce not only the Building Code, but also any ordinance which comes within his or her authority. The Minneapolis Code expressly authorizes the Director of Inspections to enforce the provisions of the Housing Maintenance Code. Minneapolis, Minn., Code of Ordinances § 244.120 (1988). Therefore the Director of Inspections or his or her assistants may compel Ellis to comply with the Housing Maintenance Code. Accordingly, the trial court correctly determined that failure to comply with a written order from the Director of Inspections is a crime.

**III.**

Ellis claims listing several order violations in each misdemeanor charge denied him a fair trial. Ellis also claims because the jury was instructed the conviction was proper if any of the orders were violated, he did not receive proper notice of the crime he committed.

■ The constitutional guarantee of a fair trial does not insure Ellis a trial which is perfect in every detail. *State v. Billington,* 241 Minn. 418, 427, 63 N.W.2d 387, 392–93 (1954); *State v. Dillard,* 355 N.W.2d 167, 172 (Minn.App.1984). Reversal is only warranted if such an error substantially influences the jury to convict.

*State v. Darveaux*, 318 N.W.2d 44, 48 (Minn.1982).

Ellis' argument might have merit had the trial court not carefully considered his post-trial motions. In deciding the motions, the trial court found sufficient evidence supported conviction for the four order violations on property A. The trial court, however, granted Ellis a new trial with respect to property B. The fact the trial court granted a new trial for property B shows it carefully examined the record and Ellis did have notice that he was convicted for violating all four orders.

Ellis' claim the trial court improperly admitted expert evidence by housing inspection employees is unpersuasive. Admission of expert opinion testimony rests within the discretion of the trial court, and its determination will be reversed only where there is an apparent error. *State v. Myers*, 359 N.W.2d 604, 609 (Minn.1984). The main consideration in admitting expert testimony is whether it will assist the trier of fact in resolving the questions presented. *Id.* at 609.

Minn.R.Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Before Woody Dixon testified whether the conditions he observed amounted to Housing Code violations, ample foundation established him as an expert. Moreover, Dixon's testimony about his observations did not go to whether or not appellant was guilty of the crime, but only as to why the orders were written. Thus, the trial court acted within its discretion by allowing Dixon to testify that certain conditions amounted to Code violations.

## IV.

Ellis' claim that insufficient evidence supported his conviction lacks merit.

Both Woody Dixon and Michael Osmonson testified about the properties's condition. Numerous photographs were introduced into evidence showing the lack of repair and maintenance of the property. Based upon this evidence the jury concluded Ellis had violated the Code, and by failing to respond to repair orders, had committed a misdemeanor. Under these circumstances, a jury could reasonably conclude appellant was guilty of the offense charged. *See State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981).

## DECISION

Minneapolis, Minn., Code of Ordinances §§ 244.500 and 244.530 are not unconstitutionally vague as applied to Ellis. Furthermore, Ellis was properly charged with a crime under section 87.90(f) for failure to comply with a written order from the Director of Inspections under the Housing Maintenance Code. Ellis was not denied a fair trial, and the evidence was sufficient to support his conviction.

Affirmed.